IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL RAY SWANSON,  3:21-cv-00923-HZ

        Plaintiff,  ORDER

    v.

VETERANS AFFAIRS/SECRETARY,

        Defendant.

HERNÁNDEZ, District Judge:

    Pro se Plaintiff Michael Ray Swanson brings this action against Defendant Veterans Affairs/Secretary. Plaintiff moves to proceed in forma pauperis [1]. Because Plaintiff has minimal income and assets, the Court grants the motion. However, for the reasons explained below, the Court dismisses the Complaint [2] with prejudice.

1 – OPINION & ORDER

## STANDARDS

A complaint filed in forma pauperis may be dismissed at any time, including before service of process, if the court determines that:

(B) the action or appeal–

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (sua sponte dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989).

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez,* 203 F.3d at 1130–31.

//

## DISCUSSION

Plaintiff brings an action under the Federal Tort Claims Act. Compl., ECF 2. He alleges that exposure to toxic water at Camp Lejeune caused his cerebellar ataxia. Plaintiff contends that he was not treated fairly by the Oregon Department of Veteran Affairs when it determined that his records did not support a finding that his cerebellar ataxia resulted from exposure to contaminated drinking water at Camp Lejeune. Plaintiff has filed three similar actions in federal court. 3:17-cv-01164-MO, ECF 1; 3:18-CV-02148-JR, ECF 1; 3:21-cv-00668-HZ, ECF 2.

Claim preclusion prevents Plaintiff from bringing this lawsuit for a fourth time. Claim preclusion is the legal principle that a plaintiff only gets one bite at the proverbial apple.[1] In 2017, Plaintiff brought a lawsuit against the United States government alleging that exposure to toxic water at Camp Lejeune caused his cerebellar ataxia. 3:17-cv-01164-MO, ECF 1. That case was before Judge Mosman. Judge Mosman considered the law and evidence presented by Plaintiff and the United States and granted the United States' Motion for Summary Judgment. *Id.* at ECF 63. Judge Mosman's ruling in that case was a final decision on the merits. Accordingly, his ruling prevents other judges and courts from considering lawsuits against the same defendant based on the same facts. Here, Plaintiff brings another lawsuit against the United States[2] alleging that exposure to toxic water at Camp Lejeune caused his cerebellar ataxia. Claim preclusion bars

---

[1] The legal test for claim preclusion is as follows: a suit is barred by claim preclusion if: "(1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." Central Delta Water Agency v. United States, 306 F.3d 938, 952 (9th Cir. 2002) (citing Blonder-Tongue Labs. v. Univ. of Ill. Found., 402 U.S. 313, 323–24 (1971)).

[2] Plaintiff named the Veterans Affairs/Secretary in this action, however, the only appropriate defendant in an FTCA action is the United States of America. 28 U.S.C. § 2679(a).

Plaintiff's claims.³ Plaintiff cannot bring another lawsuit against the same defendant premised on the same facts because of Judge Mosman's January 2019 decision. Plaintiff's Complaint is dismissed with prejudice.⁴ When a complaint is dismissed with prejudice "the plaintiff is foreclosed from filing a suit again on the same claim or claims." Dismissed with Prejudice, Black's Law Dictionary (11th ed. 2019).

## CONCLUSION

Plaintiff's application for leave to proceed IFP [1] is granted. Plaintiff's Complaint [2] is dismissed with prejudice.

IT IS SO ORDERED.

DATED:      August 1, 2021      .

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

---

³ Judge Russo reached the same conclusion when Plaintiff filed a similar case in December 2018. Her opinion also explains claim preclusion and applies the elements to Plaintiff's case. *Swanson v. United States*, No. 3:18-CV-02148-JR, 2019 WL 7633157, at *2 (D. Or. Nov. 6, 2019), *report and recommendation adopted*, No. 3:18-CV-02148-JR, 2020 WL 423384 (D. Or. Jan. 24, 2020), *appeal dismissed sub nom. Swanson v. United States Att'y Gen.*, No. 20-35167, 2020 WL 2730805 (9th Cir. Mar. 27, 2020), *and aff'd*, 845 F. App'x 690 (9th Cir. 2021).

⁴ Plaintiff filed a response to the Court's May 3, 2021 Opinion & Order in case 3:21-cv-00668-HZ asking the Court to explain its decision. The Court dismisses this Complaint for the same reason the Court dismissed Plaintiff's Complaint in case 3:21-cv-00668-HZ. This Order explains again why Plaintiff is barred from bringing multiple cases in federal court that are based on the same facts and against the same defendants.

4 – OPINION & ORDER